**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ABRIDGE TECHNOLOGY,** | |
| Plaintiff, | |
| v. | |
| (1)  **METROPCS COMMUNICATIONS, INC.;** | |
| (2)  **MOPAY, INC.;** | |
| (3)  **NCSOFT CORP.;** | |
| (4)  **NEXUS PAYMENT SYSTEMS;** | |
| (5)  **P.F. CHANG'S CHINA BISTRO, INC.;** | |
| (6)  **PERFECT WORLD ENTERTAINMENT, INC.;** | |
| (7)  **PEX CARD;** | |
| (8)  **PLASTYC, INC.;** | |
| (9)  **PLAYBOY ENTERPRISES, INC.;** | |
| (10) **PRECASH, INC.;** | |
| (11) **PREPAID TECHNOLOGIES, LLC;** | **CIVIL ACTION NO.** |
| (12) **READY FINANCIAL GROUP;** | |
| (13) **REGIONS FINANCIAL CORP.;** | |
| (14) **SOUTHWEST AIRLINES CO.;** | **JURY TRIAL DEMANDED** |
| (15) **STAPLES, INC.;** | |
| (16) **SVM, LP;** | |
| (17) **TOYS"R"US, INC.;** | |
| (18) **USA PAYCARD, INC.;** | |
| (19) **WELLS FARGO & CO.;** | |
| (20) **ACCOUNTNOW, INC.;** | |
| (21) **ARROWEYE SOLUTIONS, INC.;** | |
| (22) **BB&T CORP.;** | |
| (23) **BOKU, INC.;** | |
| (24) **CASHSTAR, INC.;** | |
| (25) **COMPASS BANCSHARES, INC.;** | |
| (26) **DOCTOR'S ASSOCIATES, INC.;** | |
| (27) **ECHOVOX, INC.;** | |
| (28) **FACEBOOK, INC.;** | |
| (29) **IMVU, INC.; and** | |
| (30) **J.C. PENNEY CO., INC.,** | |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement in which Abridge Technology makes the following allegations against: MetroPCS Communications, Inc.; Mopay Inc.; NCsoft Corp.; Nexus Payment Systems; P.F. Chang's China Bistro, Inc.; Perfect World Entertainment, Inc.; Pex Card; Plastyc, Inc.; Playboy Enterprises, Inc.; PreCash, Inc.; Prepaid Technologies, LLC; Ready Financial Group; Regions Financial Corp.; Southwest Airlines Co.; Staples; SVM, LP; Toys"R"Us, Inc.; USA Paycard, Inc.; Wells Fargo & Co.; AccountNow, Inc.; Arroweye Solutions, Inc.; BB&T Corp.; Boku, Inc.; CashStar, Inc.; Compass Bancshares, Inc.; Doctor's Associates, Inc.; Echovox, Inc.; Facebook, Inc.; IMVU, Inc.; and J.C. Penney Co., Inc. (collectively the "Defendants").

## PARTIES

2.      Plaintiff Abridge Technology ("Plaintiff") has a principal place of business at 1333 W. McDermott Drive, Suite #241, Allen, Texas 75013.  Abridge Technology ("Abridge") is the operating business name of, and registered to, Actus, LLC – a Texas limited liability company.  Plaintiff's president is Daniel F. Perez.

3.      On information and belief, Defendant MetroPCS Communications, Inc. ("Metro"), is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082.   Defendant Metro's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      On information and belief, Defendant Mopay, Inc. ("Mopay"), is a California corporation with its principal place of business at 855 El Camino Real, Suite 317, Palo Alto, California 94301.

5.      On information and belief, Defendant NCsoft Corp. ("NCS"), is a Korean corporation with its principal place of business in the United States at 6801 N. Capital of Texas Hwy., Building 1, Suite #102, Austin, Texas 78731-1780. Defendant NCS's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.      On information and belief, Defendant Nexus Payment Systems ("Nexus"), is a New York corporation with its principal place of business at 1400 Avenue Z, Suite 406, Brooklyn, New York 11235.

7.      On information and belief, Defendant P.F. Chang's China Bistro, Inc. ("PFC"), is an Arizona corporation with its principal place of business at 7676 E. Pinnacle Peak Rd., Scottsdale, Arizona 85255. Defendant PFC's registered agent in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

8.      On information and belief, Defendant Perfect World Entertainment, Inc. ("PWE"), is a California corporation with its principal place of business at 1001 E Hillsdale Blvd, Suite 800, Foster City, California 94404.

9.      On information and belief, Defendant Pex Card ("Pex"), is a New York corporation with its principal place of business at 1375 Broadway, 11th floor, New York, New York 10018.

10.     On information and belief, Defendant Plastyc, Inc. ("Plastyc"), is a New York corporation with its principal place of business at 15 Broad Street, Suite 912, New York, New York 10005.

11.     On information and belief, Defendant Playboy Enterprises, Inc. ("Playboy"), is a Delaware corporation with its principal place of business at 680 North Lake Shore Drive, Chicago, Illinois 60611.

12.     On information and belief, Defendant PreCash, Inc. ("PreCash"), is a Delaware corporation with its principal place of business at 1800 West Loop South, Houston, Texas 77027.

13.     On information and belief, Defendant Prepaid Technologies, LLC ("PT"), is an Alabama corporation with its principal place of business at 6 Office Park Circle, Suite 100, Birmingham, Alabama 35223.

14.     On information and belief, Defendant Ready Financial Group, Inc. ("RFG"), is an Idaho corporation with its principal place of business at 5465 East Terra Linda Way, Nampa, Idaho 83687.

15.     On information and belief, Defendant Regions Financial Corp. ("Regions"), is a Delaware corporation with its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203.  Defendant Regions' registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

16.     On information and belief, Defendant Southwest Airlines Co. ("SWA"), is a Texas corporation with its principal place of business at 2702 Love Field Drive, Dallas, Texas 75235-1611.  Defendant SW's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

17.     On information and belief, Defendant Staples, Inc. ("Staples"), is a Delaware corporation with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.  Defendant Staples's registered agent in Texas is CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

18.     On information and belief, Defendant SVM, LP ("SVM"), is an Illinois company with its principal place of business at 200 East Howard Avenue, Suite 220, Des Plaines, Illinois 60018.

19.     On information and belief, Defendant Toys"R"Us, Inc. ("Toys"), is a Delaware corporation with its principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470. Defendant Toys' registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

20.     On information and belief, Defendant USA Paycard, Inc. ("Paycard"), is a Wisconsin corporation with its principal place of business at 2970 Settlement Drive, Madison, Wisconsin 53713.

21.     On information and belief, Defendant Wells Fargo & Co. ("Wells"), is a Delaware corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94163.  Defendant Wells' registered agent in Texas is CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

22.     On information and belief, Defendant AccountNow, Inc. ("AccountNow"), is a Delaware corporation with its principal place of business at 2707 Deer Meadow Drive, Danville, California 94506.

23.     On information and belief, Defendant Arroweye Solutions, Inc. ("Arroweye"), is an Illinois corporation with its principal place of business at 549 W. Randolph St., Suite 200, Chicago, Illinois 60661.

24.     On information and belief, Defendant BB&T Corp. ("BB&T"), is a North Carolina corporation with its principal place of business at 200 West Second Street, Winston-

Salem, North Carolina 27101. Defendant BB&T's registered agent in Texas is CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

25.     On information and belief, Defendant Boku, Inc. ("Boku"), is a Delaware corporation with its principal place of business at 2 Harrison Street, 6th Floor, San Francisco, California 94105.

26.     On information and belief, Defendant CashStar, Inc. ("Cash"), is a California corporation with its principal place of business at 129 Middle Street, 2nd Floor, Portland, Maine 04101.

27.     On information and belief, Defendant Compass Bancshares, Inc. ("Compass"), is a Delaware corporation with its principal place of business at 15 South 20th Street, Birmingham, Alabama 35233.

28.     On information and belief, Doctor's Associates, Inc. ("DAI"), is a Florida corporation with its principal place of business at 325 Bic Dr., Milford, Connecticut 06461-3072. Defendant DAI's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

29.     On information and belief, Defendant Echovox, Inc. ("Echovox"), is a California corporation with its principal place of business at 370 Convention Way, Suite 2J, Redwood City, California 94063.

30.     On information and belief, Defendant Facebook, Inc. ("Facebook"), is a Delaware corporation with its principal place of business at 1601 S. California Avenue, Palo Alto, California 94304.   Defendant Facebook's registered agent in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

31.     On information and belief, Defendant IMVU, Inc. ("IMVU"), is a Delaware corporation with its principal place of business at 411 High Street, Palo Alto, California 94301.

32.     On information and belief, Defendant J.C. Penney Co., Inc. ("JCP"), is a California corporation with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. Defendant JCP's registered agent in Texas is CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

33.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

35.     On information and belief, Defendant Metro is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant Mopay is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant NCS is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38.     On information and belief, Defendant Nexus is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39.     On information and belief, Defendant PFC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40.     On information and belief, Defendant PWE is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41.     On information and belief, Defendant Pex is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

42.     On information and belief, Defendant Plastyc is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

43.     On information and belief, Defendant Playboy is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

44.     On information and belief, Defendant PreCash is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

45.     On information and belief, Defendant PT is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

46.     On information and belief, Defendant RFG is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

47.     On information and belief, Defendant Regions is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

48.     On information and belief, Defendant SWA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

49.     On information and belief, Defendant Staples is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

50.     On information and belief, Defendant SVM is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

51.     On information and belief, Defendant Toys is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

52.     On information and belief, Defendant Paycard is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

53.     On information and belief, Defendant Wells is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

54.     On information and belief, Defendant AccountNow is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

55.     On information and belief, Defendant Arroweye is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

56.     On information and belief, Defendant BB&T is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

57.     On information and belief, Defendant Boku is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

58.     On information and belief, Defendant Cash is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

59.     On information and belief, Defendant Compass is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

60.     On information and belief, Defendant DAI is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

61.     On information and belief, Defendant Echovox is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

62.     On information and belief, Defendant Facebook is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

63.     On information and belief, Defendant IMVU is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

64.     On information and belief, Defendant JCP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,328,189

65.     Plaintiff is the exclusive licensee of United States Patent No. 7,328,189 ("the '189 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Plaintiff exclusively holds all enforceable rights of the '189 patent, including the right to sue for past infringement.  The '189 Patent issued on February 5, 2008.  A true and correct copy of the '189 Patent is attached as Exhibit A.

66.     Upon information and belief, Defendant Metro has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Metro is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Metroconnect products

and/or services.  Defendant Metro is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

67.    Upon information and belief, Defendant Mopay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Mopay is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Mopay payment products and/or services.  Defendant Mopay is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

68.    Upon information and belief, Defendant NCS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.

Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant NCS is marketing, distributing, using, selling, or offering to sell stored value systems such as its NCsoft Game Cards, Game Time Cards, and NCcoin products and/or services.   Defendant NCS is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

69.     Upon information and belief, Defendant Nexus has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Nexus is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift and loyalty card products and/or services.  Defendant Nexus is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

70.     Upon information and belief, Defendant PFC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the

user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PFC is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift card products and/or services.  Defendant PFC is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

71.     Upon information and belief, Defendant PWE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PWE is marketing, distributing, using, selling, or offering to sell stored value systems such as its Perfect World prepaid card and Zen gaming currency products and/or services.  Defendant PWE is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

72.     Upon information and belief, Defendant Pex has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.   The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.   The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.   The electronic tokens of the second type issue from a second vendor.   The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.   For example and without limitation, Defendant Pex is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid card products and/or services.   Defendant Pex is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

73.     Upon information and belief, Defendant Plastyc has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.   The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.   The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.   The electronic tokens of the second type issue from a second vendor.   The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second

vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Plastyc is marketing, distributing, using, selling, or offering to sell stored value and mobile payment systems, such as its mobile airtime refill, mobile payment, and prepaid card products and/or services.  Defendant Plastyc is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

74.     Upon information and belief, Defendant PreCash has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PreCash is marketing, distributing, using, selling, or offering to sell stored value systems such as its Vision prepaid card and bill pay products and/or services.  Defendant PreCash is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

75.     Upon information and belief, Defendant PT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account

for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PT is marketing, distributing, using, selling, or offering to sell stored value systems such as its payroll, gift, travel and reward card products and/or services.   Defendant PT is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

76.     Upon information and belief, Defendant RFG has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant RFG is marketing, distributing, using, selling, or offering to sell stored value systems such as its Readydebit prepaid card and bill pay products and/or services.  Defendant RFG is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

77.     Upon information and belief, Defendant Regions has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the

United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Regions is marketing, distributing, using, selling, or offering to sell stored value systems such as its Spectrum payroll card products and/or services.  Defendant Regions is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

78.     Upon information and belief, Defendant SWA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant SWA is marketing, distributing, using, selling, or offering to sell stored value systems such as its southwestgiftcard products

and/or services.  Defendant SWA is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

79.     Upon information and belief, Defendant Staples has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Staples is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift Card products and/or services.  Defendant Staples is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

80.     Upon information and belief, Defendant SVM has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.

Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example and without limitation, Defendant SVM is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gasoline and Retail Gift Card products and/or services. Defendant SVM is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

81. Upon information and belief, Defendant Toys has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example and without limitation, Defendant Toys is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift Card and e-Gift Card products and/or services. Defendant Toys is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

82. Upon information and belief, Defendant Paycard has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the

user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Paycard is marketing, distributing, using, selling, or offering to sell stored value systems such as its payroll and prepaid card products and/or services.  Defendant Paycard is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

        83.      Upon information and belief, Defendant Wells has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Wells is marketing, distributing, using, selling, or offering to sell stored value systems such as its Wachovia prepaid card products and/or services.  Defendant Wells is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

84.     Upon information and belief, Defendant AccountNow has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.   For example and without limitation, Defendant AccountNow is marketing, distributing, using, selling, or offering to sell its stored value systems such as prepaid card and bill pay products and/or services.  Defendant AccountNow is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

85.     Upon information and belief, Defendant Arroweye has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second

vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.   For example and without limitation, Defendant Arroweye is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid, stored value, gift and reward card products and/or services.   Defendant Arroweye is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

86.     Upon information and belief, Defendant BB&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant BB&T is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid gift and payroll card products and/or services.  Defendant BB&T is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

87.     Upon information and belief, Defendant Boku has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account

for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Boku is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Boku and Paymo products and/or services.  Defendant Boku is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

88.    Upon information and belief, Defendant Cash has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Cash is marketing, distributing, using, selling, or offering to sell stored value systems such as its online, mobile and e-Gift Card products and/or services.  Defendant Cash is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

89.    Upon information and belief, Defendant Compass has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the

United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Cash is marketing, distributing, using, selling, or offering to sell stored value systems such as its PaySource Card products and/or services.  Defendant Cash is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

90.     Upon information and belief, Defendant DAI has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant DAI is marketing, distributing, using, selling, or offering to sell stored value systems such as its SUBWAY Card products and/or

services.  Defendant DAI is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

91.     Upon information and belief, Defendant Echovox has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Echovox is marketing, distributing, using, selling, and offering to sell mobile payment systems such as its Zong products and/or services.  Defendant Echovox is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

92.     Upon information and belief, Defendant Facebook has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.

Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.   For example and without limitation, Defendant Facebook is marketing, distributing, using, selling, or offering to sell stored value systems such as its Facebook credits products and/or services.  Defendant Facebook is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

93.     Upon information and belief, Defendant IMVU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant IMVU is marketing, distributing, using, selling, or offering to sell stored value systems such as its IMVU gift card products and/or services.  Defendant IMVU is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

94.     Upon information and belief, Defendant JCP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the

user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example and without limitation, Defendant JCP is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift Cards and e-Gift Card products and/or services.  Defendant JCP is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

95.     Plaintiff is the exclusive licensee of United States Patent No. 7,249,099 ("the '099 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Plaintiff exclusively holds all enforceable rights of the '099 patent, including the right to sue for past infringement.  The '099 Patent issued on July 24, 2007. A true and correct copy of the '099 Patent is attached as Exhibit B.

96.     Upon information and belief, Defendant Metro has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from

either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Metro is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Metroconnect products and/or services.  Defendant Metro is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

97.    Upon information and belief, Defendant NCS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant NCS is marketing, distributing, using, selling, or offering to sell stored value systems such as its NCsoft Game Cards, Game Time Cards, and NCcoin products and/or services.  Defendant NCS is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

98.     Upon information and belief, Defendant Nexus has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Nexus is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift and loyalty card products and/or services.  Defendant Nexus is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

99.     On and belief, Defendant PWE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server.  The electronic tokens are adapted for use

in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PWE is marketing, distributing, using, selling, or offering to sell stored value systems such as its Perfect World prepaid card and Zen gaming currency products and/or services.  Defendant PWE is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

100.    Upon information and belief, Defendant Pex has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Pex is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid card products and/or services.  Defendant Pex is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

101.    Upon information and belief, Defendant Plastyc has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.   A second web server at a second vendor accepts electronic tokens of a second type.   The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.   A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.   The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.   The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.   Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.   For example and without limitation, Defendant Plastyc is marketing, distributing, using, selling, or offering to sell stored value and mobile payment systems such as its mobile airtime refill, mobile payment, and prepaid card products and/or services.   Defendant Plastyc is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

102.    Upon information and belief, Defendant PreCash has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.   A second web server at a second vendor accepts electronic tokens of a second type.   The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.   A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens

are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PreCash is marketing, distributing, using, selling, or offering to sell stored value systems such as its Vision prepaid card and bill pay products and/or services.  Defendant PreCash is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

103.   Upon information and belief, Defendant PT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant PT is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid card products and/or services.  Defendant PT is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

104.    Upon information and belief, Defendant RFG has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant RFG is marketing, distributing, using, selling, or offering to sell stored value systems such as its Readydebit and bill pay products and/or services. Defendant RFG is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

105.    Upon information and belief, Defendant Regions has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens

are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Regions is marketing, distributing, using, selling, or offering to sell stored value systems such as its Spectrum payroll card products and/or services.  Defendant Regions is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

106.    Upon information and belief, Defendant Toys has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Toys is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift Card and e-Gift Card products and/or

services.  Defendant Toys is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

107.    Upon information and belief, Defendant Paycard has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Paycard is marketing, distributing, using, selling, or offering to sell stored value systems such as its payroll and prepaid card products and/or services. Defendant Paycard is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

108.    Upon information and belief, Defendant Wells has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to

facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Wells is marketing, distributing, using, selling, or offering to sell stored value systems such as its Wachovia prepaid card products and/or services.  Defendant Wells is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

109.   Upon information and belief, Defendant AccountNow has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant AccountNow is marketing, distributing, using,

selling, or offering to sell stored value systems such as its prepaid card and bill pay products and/or services.  Defendant AccountNow is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

110.    Upon information and belief, Defendant Arroweye has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Arroweye is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid, stored value, gift and reward card products and/or services.  Defendant Arroweye is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

111.    Upon information and belief, Defendant BB&T has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service

provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant BB&T is marketing, distributing, using, selling, or offering to sell stored value systems such as its prepaid gift and payroll card products and/or services.  Defendant BB&T is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

112.    Upon information and belief, Defendant Cash has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For

example and without limitation, Defendant Cash is marketing, distributing, using, selling, or offering to sell stored value systems such as its online, mobile and e-Gift Card products and/or services. Defendant Cash is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

113.    Upon information and belief, Defendant Compass has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example and without limitation, Defendant Compass is marketing, distributing, using, selling, or offering to sell stored value systems such as its PaySource Card products and/or services. Defendant Compass is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

114.    Upon information and belief, Defendant Echovox has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts

electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server.  The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant Echovox is marketing, distributing, using, selling, and offering to sell mobile payment systems such as its Zong products and/or services.  Defendant Echovox is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

115.    Upon information and belief, Defendant Facebook has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For

example and without limitation, Defendant Facebook is marketing, distributing, using, selling, or offering to sell its stored value systems such as Facebook credits products and/or services. Defendant Facebook is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

116.    Upon information and belief, Defendant IMVU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server.  The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant IMVU is marketing, distributing, using, selling, or offering to sell stored value systems such as its IMVU Credits and gift card products and/or services. Defendant IMVU is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

117.    Upon information and belief, Defendant JCP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts

electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example and without limitation, Defendant JCP is marketing, distributing, using, selling, or offering to sell stored value systems such as its Gift Card and e-Gift Card products and/or services.  Defendant JCP is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,177,838

118.    Plaintiff is the exclusive licensee of United States Patent No. 7,177,838 ("the '838 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."  Plaintiff exclusively holds all enforceable rights of the '838 patent, including the right to sue for past infringement.  The '838 Patent issued on February 13, 2007. A true and correct copy of the '838 Patent is attached as Exhibit C.

119.    Upon information and belief, Defendant Metro has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are

utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example and without limitation, defendant Metro is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Metroconnect products and/or services. Defendant Metro is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

120.    Upon information and belief, Defendant NCS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.

For example and without limitation, defendant NCS is marketing, distributing, using, selling, or offering to sell stored value systems such as its NCsoft Game Cards, Game Time Cards, and NCcoin products and/or services.  Defendant NCS is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

121.    Upon information and belief, Defendant PWE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example and without limitation, defendant PWE is marketing, distributing, using, selling, or offering to sell stored value systems such as its Perfect World prepaid card and Zen gaming currency products and/or services.  Defendant PWE is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

122.    Upon information and belief, Defendant Plastyc has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The

[46]

infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example and without limitation, defendant Plastyc is marketing, distributing, using, selling, or offering to sell stored value and mobile payment systems such as its mobile airtime refill, mobile payment, and prepaid card products and/or services. Defendant Plastyc is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

123.   Upon information and belief, Defendant Playboy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user

account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example and without limitation, defendant Playboy is marketing, distributing, using, selling, or offering to sell stored value systems such as its pay-by-minute video-on-demand products and/or services.  Defendant Playboy is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

124.    Upon information and belief, Defendant Boku has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.   The infringing products or services are utilized to open a user account with a vendor for the user.  One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example and without limitation, defendant Boku is marketing, distributing, using, selling, or offering to sell mobile payment systems such as its Boku and Paymo products and/or services.  Defendant Boku is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

125.    Upon information and belief, Defendant IMVU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.   The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.   Each electronic token is associated with monetary value of at least a fraction of a dollar.   The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.   The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.   The vendor web site computes a total price for the selected subset of products or services.   The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.   If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.   The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example and without limitation, defendant IMVU is marketing, distributing, using, selling, or offering to sell stored value systems such as its IMVU Credits products and/or services. Defendant IMVU is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,376,621

126.    Plaintiff is the exclusive licensee of United States Patent No. 7,376,621 ("the '621 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens."   Plaintiff exclusively holds all enforceable rights of the '621 patent, including the right to sue for past infringement.   The '621 Patent issued on May 20, 2008.   A true and correct copy of the '621 Patent is attached as Exhibit D.

127.    Upon information and belief, Defendant PWE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.   The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.   The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.   For example and without limitation, defendant PWE is marketing, distributing, using, selling, or offering to sell stored value systems such as its Zen gaming currency products and/or services.   Defendant PWE is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

128.     Upon information and belief, Defendant Playboy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one

of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.  The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example and without limitation, defendant Playboy is marketing, distributing, using, selling, or offering to sell stored value systems such as its pay-by-minute video-on-demand products and/or services.   Defendant Playboy is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

129.    Upon information and belief, Defendant Facebook has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.  The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example and without limitation, defendant Facebook is marketing, distributing, using, selling, or offering to sell stored value systems such as its Facebook credits products and/or services.  Defendant Facebook is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

130.    Upon information and belief, Defendant IMVU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.   The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.   The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.   The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.   The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.   For example and without limitation, defendant IMVU is marketing, distributing, using, selling, or offering to sell stored value systems such as its IMVU Credits products and/or services.   Defendant IMVU is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '189 Patent;

2.    A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '099 Patent;

3.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '838 Patent;

4.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '621 Patent;

5.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '189 Patent;

6.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '099 Patent;

7.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '838 Patent;

8.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '621 Patent;

9.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '189 Patent as provided under 35 U.S.C. § 284;

10.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '099 Patent as provided under 35 U.S.C. § 284;

11.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '838 Patent as provided under 35 U.S.C. § 284;

12.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '621 Patent as provided under 35 U.S.C. § 284;

13.     An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

14.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

15.     Any and all other relief to which Plaintiff may show itself to be entitled.


## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

March 17, 2011                                Respectfully Submitted,

                                              **ABRIDGE TECHNOLOGY**

                              By:  /s/ Ronald W. Burns
                                     Ronald W. Burns
                                     Texas State Bar No. 24031903
                                     Ronald W. Burns, Esq.
                                     15139 Woodbluff Drive
                                     Frisco, Texas  75035
                                     Phone:  972-632-9009
                                     rburns@burnsiplaw.com

                                     John P. Pinkerton
                                     Texas State Bar No. 16016700
                                     Rose Walker, L.L.P.
                                     3500 Maple Ave., Ste. 900
                                     Dallas, TX  75219
                                     Phone: 214-580-8600
                                     jpinkerton@rosewalker.com

                                     Martin E. Rose
                                     Texas State Bar No. 17253100
                                     Rose Walker, L.L.P.
                                     3500 Maple Ave., Ste. 900
                                     Dallas, TX  75219
                                     Phone: 214-580-8600
                                     mrose@rosewalker.com

                                     **ATTORNEYS FOR PLAINTIFF**
                                     **ABRIDGE TECHNOLOGY**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all others not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing via process server.

/s/ Ronald W. Burns
Ronald W. Burns, Esq.